**Exhibit "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | | |
|---|---|---|
| PIERRE E. LOUISSAINT | | Index # 153973/2022 |
| | Plaintiff(s) | Docket Number: 1219925 |
| - against - | | |
| ANSELMO MARQUEZ ETAL | Defendant(s) | Notice Pursuant to Section 253 of the Vehicle & Traffic Law of the State of New York |

Please take notice that a copy of the within summons and complaint along with the statutory fee of $10 was served upon the Secretary of State of New York pursuant to Section 253 of the Vehicle and Traffic Law on May 16, 2022 at THE OFFICE OF THE SECRETARY OF STATE 99 WASHINGTON AVENUE ALBANY, NY 12231.

Dated  May 16, 2022
New York, New York

ENESSA MULLOKANDOVA, ESQ.
LAW OFFICES OF MULLOKANDOVA, PLLC
189-19 UNION TURNPIKE
FRESH MEADOWS, NY 11366
Tel: 646-793-4456

## PLEASE FORWARD TO YOUR INSURANCE COMPANY!

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: _____ /20
Purchase Date: _____ /20

-------------------------------------------------------X

PIERRE E. LOUISSAINT

## SUMMONS

**Plaintiff designates:**
NEW YORK COUNTY

Plaintiff(s),

-against-

**The Basis if Venue is:**
PLACE OF OCCURENCE

ANSELMO MARQUEZ and,
MCCOLLISTER'S TRANSPORTATION GROUP, INC a/k/a
ADVANCE TECHNLG TRANSPORTING LLC

Defendant(s),

**Incident Occurred:**
Canal Street & Varick Street
New York, NY 10013

-------------------------------------------------------X

TO THE ABOVE-NAMED DEFENDANT (S):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, or to serve a notice of appearance, if the complaint is not served with this summons, within twenty (20) days after the service is complete if this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates New York County as the place of trial pursuant to CPLR §502(a) on the grounds that at least one of the plaintiffs and defendants is situated in New York County and a substantial part of the occurences at issue took place in New York County. Additionally, several of the parties agreed that disputes would be adjudicated in this venue in multiple agreements.

Dated: May 9, 2022
Fresh Meadows, NY

BY: ENESSA MULLOKANDOVA, ESQ.
Law Offices of Mullokandova, PLLC
Attorneys for Plaintiffs
189-11 Union Turnpike
Fresh Meadows, NY 11366
Tel: 646-793-4456

To: PLEASE SEE ATTACHED RIDER.

### RIDER

**ANSELMO MARQUEZ**
205 LAKE AVE
COLONIA, NJ 07067

**MCCOLLISTER'S TRANSPORTATION GROUP, INC**
1800 ROUTE 130 NORTH, / PO BOX 9,
BURLINGTON, NJ 08016

**ADVANCE TECHNLG TRANSPORTING LLC**
213 LAKE AVENUE
COLONIA, NJ 07067

FILED: NEW YORK COUNTY CLERK 05/09/2022 11:41 AM
NYSCEF DOC. NO. 1
INDEX NO. 153973/2022
RECEIVED NYSCEF: 05/09/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

PIERRE E. LOUISSAINT,

                         Plaintiff(s),

-against-

ANSELMO MARQUEZ and,
MCCOLLISTER'S TRANSPORTATION GROUP, INC a/k/a
ADVANCE TECHNLG TRANSPORTING LLC

                         Defendant(s),

---------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No: _____/20

Plaintiff, **PIERRE E. LOUISSAINT**, appearing by and through her attorney, **LAW OFFICES OF MULLOKANDOVA, PLLC**, complaining of the Defendant(s), **ANSELMO MARQUEZ and MCCOLLISTER'S TRANSPORTATION GROUP, INC a/k/a ADVANCE TECHNLG TRANSPORTING LLC** respectfully sets forth and alleges to the Honorable Court, upon information and belief, as follows:

1. That at all times hereinafter mentioned, Plaintiff **PIERRE E. LOUISSAINT**, was and still is a resident of the County of Manhattan, State of New York.

2. That at all times hereinafter mentioned, Defendant(s) **ANSELMO MARQUEZ and MCCOLLISTER'S TRANSPORTATION GROUP, INC A/k/a ADVANCE TCHNLG TRANSPORTING LLC**, was and still is a domiciliary of the State of New Jersey.

3. That at all times hereinagter mentioned, Defendant(s) **ANSELMO MARQUEZ and MCCOLLISTER'S TRANSPORTATION GROUP, INC A/k/a ADVANCE TCHNLG TRANSPORTING LLC**, was and still is a domiciliary of the State of New Jersey.

4. That at all times hereinafter mentioned, Defendant(s) **ANSELMO MARQUEZ and MCCOLLISTER'S TRANSPORTATION GROUP, INC A/k/a ADVANCE TCHNLG TRANSPORTING LLC**, committed the negligent acts complained of within the State of New York.

5. On or about May 29, 2019, Defendant **MCCOLLISTER'S TRANSPORTATION GROUP, INC A/k/a ADVANCE TCHNLG TRANSPORTING LLC**, was the **registered owner** of a certain 2019 KENWORTH motor vehicle bearing New Jsersey State license plate number XHMG26.

6. On or about May 29, 2019, Defendant **MCCOLLISTER'S TRANSPORTATION GROUP, INC A/k/a ADVANCE TCHNLG TRANSPORTING LLC**, was the **titled**

owner of a certain 2019 KENWORTH motor vehicle bearing New Jersey State license plate number XHMG26.

7. On or about May 29, 2019, Defendant(s), **ANSELMO MARQUEZ leese** a certain 2019 KENWORTH motor vehicle bearing New Jersey State license plate number XHMG26.

8. On or about May 29, 2019, Defendant(s), **ANSELMO MARQUEZ maintained** a certain 2019 KENWORTH motor vehicle bearing New Jersey State license plate number XHMG26.

9. On or about May 29, 2019, Defendant(s) **ANSELMO MARQUEZ, managed** a certain 2019 KENWORTH motor vehicle bearing New Jersey State license plate number XHMG26.

10. On or about May 29, 2019, Defendant(s) **ANSELMO MARQUEZ, controlled** a certain 2019 KENWORTH motor vehicle bearing New Jersey State license plate number XHMG26.

11. On or about May 29, 2019, Defendants **ANSELMO MARQUEZ, operated** a certain 2019 KENWORTH motor vehicle bearing New Jersey State license plate number XHMG26.

12. On or about May 29, 2019, the 2019 KENWORTH motor vehicle bearing New Jersey State license plate number XHMG26, was being operated by Defendant **ANSELMO MARQUEZ** with the consent of its owner **MCCOLLISTER'S TRANSPORTATION GROUP, INC A/k/a ADVANCE TCHNLG TRANSPORTING LLC.**

13. On or about May 29, 2019, the 2019 KENWORTH motor vehicle bearing New Jersey State license plate number XHMG26, was being operated by Defendant **ANSELMO MARQUEZ.**

14. On or about May 29, 2019, the 2019 KENWORTH motor vehicle bearing New Jersey State license plate number XHMG26, was being operated by defendant **ANSELMO MARQUEZ**, at or near intersection Canal Street & Varick Street, in the County of New York, City and State of New York.

15. That on or about May 29, 2019, Defendant **ANSELMO MARQUEZ**, operated a 2019 KENWORTH motor vehicle bearing license plate number XHMG26 with knowledge.

16. On or about May 29, 2019, Plaintiff, **PIERRE E. LOUISSAINT** was a lawful driver of a certain 2017 TOYOTA motor vehicle, bearing license plate number T722722C, owned by **JSMP LLC.**

17. That at all times hereinafter mentioned, Plaintiff **PIERRE E. LOUISSAINT** was a lawful driver at or near in the County of New York, City and State of New York

18. That at or near the intersection of Canal Street & Varick Street., in the County of New York, City and State of New York, were and still are public roadways, streets, highways and/or thoroughfares used extensively by the public in general.

19. That on or about May 29, 2019, the Defendant's motor vehicle violently hit and struck Plaintiff's person causing Plaintiff to suffer serious personal injuries hereinafter alleged.

20. That the contact occurred as a result of the negligent, careless and reckless conduct of the Defendant in the ownership, operation, maintenance, management and control of his/her vehicle causing personal injuries hereinafter alleged.

21. That the said injuries sustained by the Plaintiff were caused solely by the negligence of the Defendant and without any negligence on the part of the Plaintiff.

22. That by reason of the foregoing, Plaintiff was rendered sick, sore, lame and disabled and suffered painful and permanent injuries to various parts of her person with accompanying pain; that she continues to be sick, sore, lame and disabled for a long time to come and was required to receive hospital and medical treatment and attention for her injuries and was unable to continue to perform the usual pursuits and activities all to her damage in an amount greater than jurisdictional limits of all lower courts.

23. That as a result of the foregoing, the Plaintiff has sustained serious injuries as defined in §5102 subdivision D of the Insurance Law of the State of New York in that she has suffered a fracture and/or a significant disfigurement; a permanent loss of use of a body organ or a member, function and/or significant limitation of use of a body function and/or system and/or medically determined injury or impairment of non-permanent nature which prevents her from performing substantially of the material acts which constitutes the usual and costumary daily activities for not less than ninety (90) days during the one hundred eighty (180) days immediately following the occurrence of the injury or impairment.

24. That this action falls within one or more the exceptions for joint and several liabilities set forth in the Civil Practice Law and Rules, Article 16, specifically §1602.

25. That Plantiff is not seeking to recover any damages for which the Plaintiff has been reimbursed by no-fault Insurance is obligated to reimburse Plaintiff. Plaintiff is seeking to recover only those damages not recoverable through New York State No-Fault Insurance, under the facts and circumstances in this action.

26. That by reason foregoing, Plaintiff was rendered sick, sore, and disabled and suffered painful and permanent injuries to verious parts of his person with accompanying pain; that he continues to be sick, sore and disabled for a long time to come and was required to receive hospital and medical treatment and attention for his injuries and was unable to continue to perform the usual pursuits and activities all to the damage in an amount greater than the jurisdictional limits of all lower courts.

## AS AND FOR A FIRST CAUSE OF ACTION

27. Plaintiff repeat and reallege those allegations of the complaint marked and designated herein as paragraphs "1" through "26" with the same force and effect as if herein set forth at length and further allege that:

28. By reason of the above, plaintiffs' **PIERRE E. LOUISSAINT**, was caused to sustain severe and irreparable personal injury and damages, and conscious pain and suffering.

29. By reason of the foregoing, the plaintiff has been damaged in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiffs repeat and reallege those allegations of the complaint marked and designated herein as "1" through "30", and "31", with the same force and effect as if herein set forth at length and further allege:

31. By reason of the foregoing, the plaintiffs sustained damages in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this matter.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

DATED: May 4, 2022

BY: ENESSA MULLOKANDOVA, ESQ.
Law Offices of Mullokandova, PLLC
Attorneys for Plaintiffs
189-11 Union Turnpike
Fresh Meadows, NY 11366
Tel: 646-793-4456

## ATTORNEY VERIFICATION

ENESSA MULLOKANDOVA, an attorney admitted to practice law before the Courts of the State of New York and associated with the firm of Law Office of Enessa Mullokandova P.C attorneys for Plaintiffs PIERRE E. LOUISSAINT hereby affirms the following:

That I have read the foregoing SUMMONS & VERIFIED COMPLAINT and know the contents thereof, that the same is true to my own knowledge except as to those matters which are stated there in to be upon information and belief, and as to those matters, I believe them to be true. That the information contained therein was obtained based upon a review of Plaintiffs legal file case.

That the reason this Verification is made by your ATTORNEY and not by plaintiffs is because the Plaintiffs are advised, pursuant to Corona related Executive Order, to avoid unnecessary travel and interaction and/or are not currently within Queens County, Where Law office of Enessa Mullokandova P.C, maintains its office, as per CPLR 3020 (A) (3).

The undersigned affirms that the foregoing statement is true under the penalties of perjury.

Dated: Queens, New York
May 9, 2022

ENESSA MULLOKANDOVA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: _____/20

PIERRE E. LOUISSAINT,

Plaintiff(s),

-against-

ANSELMO MARQUEZ and,
MCCOLLISTER'S TRANSPORTATION GROUP, INC
A/k/a ADVANCE TCHNLG TRANSPORTING LLC,

Defendant(s),

## SUMMONS AND VERIFIED COMPLAINT

LAW OFFICES OF MULLOKANDOVA, PLLC.
BY: ENESSA MULLOKANDOVA, ESQ.
Attorney for Plaintiff
PIERRE E. LOUISSAINT
189-11 Union Turnpike
Fresh Meadows, NY 11366
TEL: 646-793-4456

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies, that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

ENESSA MULLOKANDOVA, ESQ.